# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) CASE NO. 1:24-CV-12507-JEK ) |
| v. | ) ) ) |
| KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED and KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1, Plaintiff Federal Insurance Company ("Federal" or "Plaintiff") and Defendants KPM Analytics, Incorporated f/k/a Statera Analytics, Incorporated ("KPM Analytics") and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, the "Defendants," and together with Plaintiff, the "Parties"), submit this Joint Statement in connection with the Court's March 27, 2025 Scheduling Conference.

**I.  Proposed Joint Discovery Plan and Schedule for Motions**

Pursuant to Local Rule 16.1(d)(1) and 16.1(d)(2), the Parties propose the joint pretrial discovery plan and schedule for the filing of motions included within the [Proposed] Scheduling Order, attached hereto and incorporated herein as **Exhibit A**.

**II.     Concise Summary of the Positions of the Parties**

The Parties have set forth a summary of their respective positions below.  Failure of any Party to respond to any allegation or alleged fact in any other Party's position statement below shall not constitute an admission of any such allegation or any such alleged fact.

1.     <u>Plaintiff</u>

The Plaintiff seeks a declaration that it has no duty to defend or indemnify the Defendants with respect to the action commenced against them by IEP Technologies, LLC ("IEP"), captioned *IEP Technologies, LLC v. KPM Analytics, Incorporated f/k/a Statera Analytics, Incorporated, et al.*, U.S. District Court for District of Massachusetts, Case No. 1:21-cv-10417 (the "Underlying Action") under certain commercial general liability and umbrella liability policies issued by the Plaintiff to KPM Analytics (collectively, the "Policies"), the policy period of the first of which incepted on March 8, 2018.  IEP commenced the Underlying Action against the Defendants in this Court on or about March 10, 2021, seeking damages and other relief for the Defendant's alleged infringement upon IEP's registered trademark in its mark – a hexagonal design mark – ("IEP's Mark") – by the Defendants' use of a hexagonal design mark (the "Defendants' Mark").

Subject to their other terms, conditions, and exclusions, the Policies apply only to "advertising injury" "caused by an offense that is first committed during the policy period[,]" and pursuant to the Prior Offenses Exclusion, they exclude coverage for "advertising injury" "arising out of any offense first committed before the beginning of the policy period."  As alleged in the Complaint in the Underlying Action, the alleged offense that caused the alleged "advertising injury" – *i.e.,* the Defendants' use of the allegedly infringing Defendants' Mark – was "first committed" before the inception of the earliest of the Policies on March 8, 2018,

thereby placing the Underlying Action outside of the coverage grant of the Policies and within the Prior Offenses Exclusion.  More specifically, the Complaint in the Underlying Action alleges that the Defendants' use of the allegedly infringing Defendants' Mark began in or around February 2018, which is before the Policies incepted on March 8, 2018.  Discovery in the Underlying Action has confirmed that Defendants' use of the allegedly infringing Defendants' Mark was first committed before the inception of the earliest of the Policies on March 8, 2018.  Accordingly, there is no coverage under the Policies for the Underlying Action.  The Plaintiff is entitled to a declaration that it has no duty to defend or indemnify the Defendants for the Underlying Action, and therefore the Plaintiff may withdraw the defense against the Underlying Action that it has been providing to the Defendants subject to a full reservation of its rights.

Additional coverage defenses, as explained in the Plaintiff's Complaint for Declaratory Relief, may further eliminate or limit any coverage for the Underlying Action under the Policies.

2.      <u>Defendants</u>

Defendants/Plaintiffs-in-Counterclaim KPM Analytics, Incorporated f/k/a Statera Analytics, Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation brought counterclaims to establish the duty of their insurer, Plaintiff/Defendant-in-Counterclaim Federal Insurance Company, to defend and indemnify them in the Underlying Action.

All premiums due under the Policy and the Umbrella Policy have been paid. The Primary Policy and the Umbrella Policy have been in full force and effect during their entire policy period. All conditions, including all conditions precedent, set forth in the Primary Policy and/or the Umbrella Policy have been satisfied. The applicable limits of liability of the Primary Policy

and Umbrella Policy have not been exhausted, either by payment of judgments or settlements or otherwise.

Federal Insurance Company has the duty to defend Plaintiffs-in- Counterclaim against any suit that seeks damages that are potentially covered by the Primary Policy and/or the Umbrella Policy. The Underlying Action contains factual and legal allegations that create the potential for coverage under various provisions of the Primary Policy and the Umbrella Policy. Accordingly, Federal has a duty to defend Plaintiffs-in-Counterclaim against the allegations and claims of the Underlying Action.

### III.    Additional Agreements Regarding Discovery

1.    <u>Scope of Discovery</u>

Discovery in this case will be limited to non-privileged and non-protected matters pursuant to Rule 26's provisions on the scope of discovery.

2.    <u>Agreements Regarding Discovery</u>

Subject to and without waiving the right to move for additional discovery, or protection against discovery, the following is proposed with respect to discovery:

a.    Interrogatories are limited to 25 per Party.

b.    Requests for Production are limited to 40 per Party.

c.    Requests for Admission are limited to 25 per Party.

d.    The Parties do not currently anticipate the need for more than the 10 depositions allowed in the Local Rules.  However, the Parties reserve the right, absent agreement of the Parties, to seek leave of the Court to notice additional depositions.  The Parties agree to confer to resolve any issues concerning the number of depositions prior to seeking leave of Court.

    3.    <u>Expert Depositions</u>

The Parties agree to discuss in advance issues, if any, relating to expert designations and depositions.

    4.    <u>Protective Order</u>

There is a Stipulated Protective Order (the "Underlying Protective Order") entered in the Underlying Action *(see* Case No. 1:21-cv-10417-JEK, Document No. 18), under which KPM has designated certain material referenced in the Plaintiff's Complaint for Declaratory Relief and which may otherwise be used in this action as "Confidential Information" or "Highly Confidential Information." The Parties will continue to comply, as they have done so to date, with the Underlying Action Protective Order in seeking to use any information designated as "Confidential Information" or "Highly Confidential Information" thereunder in this action.

A separate confidentiality agreement or protective order may be necessary in this action to the extent that confidential or proprietary information is requested during discovery. The Parties agree to confer regarding the need and scope of any such agreement or protective order, if/when such need arises.

    5.    <u>Privilege Logs</u>

The Parties need not include on a privilege log documents contained in their respective files generated after the date of the commencement of this action to the extent that the privileged documents reflect actual work product, as defined in the Federal Rules, and/or matters protected by the attorney-client privilege. As to all other documents, the Parties agree to follow Fed. R. Civ. P. 26(b)(5) with respect to claims of privilege/protection of trial preparation materials, and to produce the information required by Fed. R. Civ. P. 26(b)(5) to enable the other Parties to assess the claim of privilege/protection.

      6.      <u>Electronically Stored Information</u>

The Parties understand their duties to take reasonable steps to preserve materials relevant to their respective claims and defenses, consistent with the requirements of existing law. At this time, the Parties do not know of any electronic discovery issues that may arise in this matter and do not believe that formalized protocols or other Orders issued by the Court for the purposes of governing the Parties' obligations under the Rules are necessary. If issues arise not governed by this plan, the Parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

**IV.    Pending Motions**

There are currently no pending motions.

**V.    Consent to Trial by Magistrate**

The Parties do not consent to a trial by the Magistrate Judge currently.

**VI.    Local Rule 16.1(d)(3)**

Pursuant to Local Rule 16.1(d)(3), each of the Parties and their respective counsel affirm that they have conferred:

(1)    with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(2)    to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Respectfully submitted,

| Plaintiff Federal Insurance Company, | Defendants KPM Analytics, Incorporated |
| By its attorneys, | f/k/a Statera Analytics, Incorporated and |
| | KPM Analytics North America Corporation |
| | f/k/a Process Sensors Corporation, |
| | By their attorneys, |

*/s/ John J. McGivney*
*/s/ Kara A. Loridas*                                    */s/ Andrew F. Caplan*
_____        _____

| John J. McGivney (BBO # 333510) | Andrew F. Caplan (BBO # 564127) |
| Kara A, Loridas (BBO# 681727) | TWOHIG CAPLAN LLP |
| Rubin and Rudman LLP | P.O. Box 84 |
| 53 State Street | Swampscott, MA 01907 |
| Boston, MA 02109 | 339-440-0978 |
| (617) 330-7700 | acaplan@twohigcaplan.com |
| jmcgivney@rubinrudman.com | |
| kloridas@rubinrudman.com | |

## **CERTIFICATE OF SERVICE**

    I, Kara A. Loridas, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and e-mail copies will be sent to those indicated as non-registered participants on March 20, 2025.

                                             */s/ Kara A. Loridas*
                                        _____
                                          Kara A. Loridas